

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 18, 1970

Hon. O. W. McStay
Executive Secretary
State Board of Barber Examiners
512 Sam Houston Building
Austin, Texas 78701

Opinion No. M- 730

Re:  Is the Texas Barber Law
     violated when the hair of
     a male customer is cut or
     trimmed while fitting him
     for a wig by a person without
     a license under that law?

Dear Mr. McStay:

  In your recent letter you requested an answer to the following question:

> "Is there a violation of the Texas Barber
> Law where a person cuts or trims the hair of a
> male customer while fitting the customer for a
> wig when the person cutting the hair does not
> have a license under the act?"

  Your letter further offered the fact that it is normally necessary for the person fitting the wig to cut and trim the natural hair of the customer in order to properly fit the wig.

  We have also been informed by your board that they construe the act of cutting or trimming hair while fitting a wig or hairpiece to be a violation of the laws concerning barbering.

  Our answer to your question is "yes," there is a violation of the Texas Barber Law under the facts stated, and we are in agreement with your administrative construction.

  In Volume 10 American Jurisprudence 2nd 816, Barbers and Cosmetologists, Section 1, the reason and basis for such a rule is stated:

> "While the occupation of barbering is a
> lawful one, it is an occuption which, because
> of its intimate relation to the public health,
> may be regulated by law without depriving a
> citizen of his natural rights and privileges
> guaranteed by fundamental law; those who are
> engaged therein are subject to reasonable
> regulation which require barbershops to be operated
> in a clean and sanitary manner and by competent

operators, to the end that the public may be protected against the spread of communicable diseases."

The Texas Penal Code, Article 728, reads, in part, as follows:

"In this chapter, unless the context requires a different definition,

"(1)  'barbering' includes any of the following practices or combinations of practices when performed upon persons above the seventh cervical vertebra for cosmetic purposes and not for the treatment of disease or physical or mental illness or deformity, and when performed for the public.

". . . (B) cutting the hair;

". . . (C) (LV) styling or processing the hair of males only.

"(4)  'barber shop' means a place where barbering is practiced except when said place is owned or operated in whole or in part by the State of Texas or any political subdivision thereof and except when said place is duly licensed as a barber school or college.  Amended by Acts 1967, 60th Leg., p. 2018, Ch. 746, Sec. 1, Eff. Aug. 28, 1967."

This Article also states such acts performed on females will not constitute barbering.

Further, Texas Penal Code, Article 734a, of the Texas Barber Law, Section 4, entitled Definitions, reads, in part, as follows:

"Sec. 4.  The practice of barbering is hereby defined to be the following practices when not done in the practice of medicine, surgery, osteopathy, or necessary treatments of healing the body by one authorized by law to do so; and when not done by a relative who cuts only the hair of those in his or her immediate family; and when done on living persons."

". . . (A)(1)  Cutting the hair;

"(2) Styling or processing the hair of males only."

Article 734a, Penal Code, Section 1, reads as follows:

"Sec. 1. It shall be unlawful for any person to engage in the practice or attempt to practice barbering in the State of Texas without a certificate or registration as a registered barber issued pursuant to the provision of this Act, by the Board of Barber Examiners hereinafter created."

Section 3(A) of the Texas Penal Code, Article 734a, reads as follows:

"Sec. 3(A). No person may own, operate, or manage a barber shop without a barber shop permit issued by the board."

There are certain exceptions listed in Articles 728 and 734a, Texas Penal Code; however, the facts related do not come without such exceptions. A court has no authority to add an exception by construction. In State v. Richards, 157 Tex. 166, 301 S.W.2d 597, 600 (1957), the Court said: ". . . an exception makes plain the intent that the statute should apply in all cases not excepted. . . ."

The Legislature could exempt wig fitting from the application of the act, however, has not done so in the present act. It is therefore our opinion that, under the facts related, a person cutting the hair would be "barbering" as defined by the above articles and would further be operating or managing a barber shop. If no barber shop permit is held by such person, and no certificate or registration as a registered barber has been issued to such person, then such party would be in violation of the act on two counts. Texas Penal Code, Article 734a, Sec. 1 and 3(A). Furthermore, the courts will give weight to an administrative interpretation of such a statute. 53 Texas Jurisprudence 2d 259, 263, Statutes, Sec. 177.

## SUMMARY

When a person, while fitting a wig or hairpiece, on a male, cuts or trims the natural hair of the male, there is a violation of the Texas Barber Law, Texas Penal Code, Articles 728 and 734a, if the person

doing the cutting is not licensed as a barber and if he performs the act in a place not licensed as a barber shop.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Melvin E. Corley
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Malcolm Quick
R. D. Green
Fisher Tyler
Dick Chote

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant